UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA D. CALLAHAN,

    Plaintiff,

v.

Case No. 17-14069
Hon. Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

# ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation. [Doc. No. 20] A timely objection and a response to the objection were filed. [Doc. Nos. 25 and 24, respectively]

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff asserts, however, that the ALJ erred when failing to adopt all of Dr. Karo's limitations after the ALJ afforded great weight to Dr. Karo's consultative examination or, alternatively, failing to explain why portions of Dr. Karo's examination were rejected. The Court is not persuaded by Plaintiff's assertion.

Plaintiff's argument centers on the fact that Dr. Karo opined that Plaintiff could not work a full eight hour day of sedentary work, yet the RFC did not reflect that limitation. Plaintiff relies on two cases from this district where the magistrate judges indicated that an ALJ must explain why she did not include a doctor's opinions when formulating her RFC where the ALJ gave great weight to the physician's opinion. Citing *Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2016 WL 8115399, at *8 (E.D. Mich. July 29, 2016); *Fisk v. Comm'r of Soc. Sec.*, No. 11-CV-15117, 2012 WL 4007831, at *10 (E.D. Mich. Aug. 17, 2012), report and

recommendation adopted, 2012 WL 4017460 (E.D. Mich. Sept. 12, 2012). Plaintiff also cites several cases from outside this district. *See Gonzalez v. Colvin*, No. 1:13-CV-01358, 2014 WL 1333713, at *7 (N.D. Ohio Mar. 28, 2014); *Postell v. Comm'r of Soc. Sec.*, No. 6:13-CV-313-ORL-GJK, 2014 WL 793328, at *2 (M.D. Fla. Feb. 27, 2014); *Campbell v. Colvin*, No. 3:13-CV-58, 2013 WL 3992597, at *10 (N.D. Ohio Aug. 5, 2013); *Woodruff v. Astrue*, No. 1:12-CV-1752, 2013 WL 821336, at *10 (N.D. Ohio Mar. 5, 2013).

Although the Court finds the reasoning in *Fisk* persuasive, it does not find *Fisk* applicable to the instant case. In *Fisk*, the physician whose opinion the ALJ gave great weight imposed a restriction that claimant could only work in a position that did "not require any walking or lifting," but the ALJ did not incorporate that restriction. In this case, although Dr. Karo's sitting, standing, and walking assessment added up to seven hours, Dr. Karo's overall opinion reflects that Plaintiff could lift and carry various weights for eight hours a day. Dr. Karo also stated, "Clinical evidence does not support any physical limitation of sitting, standing and walking[.]" Dkt. No. 20, PgID 681.

The Court also is not persuaded that *Pope* should govern this case. First, as Defendant notes, other cases (including one authored by the *Pope* magistrate judge recently) have not followed the principle in *Pope* that an ALJ must explain why

3

she did not include a doctor's opinions when formulating her RFC where the ALJ gave great weight to the physician's opinion. *See DeMoines v. Comm'r of Soc. Sec.*, No. 2:17-cv-13486, 2018 WL 6028917, at *5 (E.D. Mich. Nov. 15, 2018); *Price v. Comm'r of Soc. Sec.*, No. 14-cv-13662, 2016 WL 3193025, at *2 (E.D. Mich. June 9, 2016); *Kondrashov v. Comm'r of Soc. Sec.*, No. 16-cv-14044, 2018 WL 1146875, at *5 (E.D. Mich. Feb. 12, 2018). Second, the "fundamental question [for this Court] . . . is whether the ALJ's decision is supported by substantial evidence[.]" *Dykes ex re. Brymer v. Barnhart*, 112 F. App'x 463, 467-68 (6th Cir. 2004). For the reasons set forth by the Magistrate Judge, the Court finds that there was substantial evidence to support the ALJ's decision.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objection, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis **[Doc. No. 20, filed February 4, 2019]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 25, filed March 7, 2019]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 17, filed May 16, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 18, filed June 15, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: March 27, 2019          United States District Judge